IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| KAREN GOLINSKI <br>     Plaintiff-Appellee, <br><br> v. <br><br> OFFICE OF PERSONNEL MANAGEMENT et al. <br>     Defendants-Appellees, <br><br> and <br><br> BIPARTISAN LEGAL ADVISORY GROUP <br> OF THE U.S. HOUSE OF REPRESENTATIVES <br>     Intervenor-Appellant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 12-15388 |
| KAREN GOLINSKI <br>     Plaintiff-Appellee, <br><br> v. <br><br> OFFICE OF PERSONNEL MANAGEMENT et al. <br>     Defendants-Appellants, <br><br> and <br><br> BIPARTISAN LEGAL ADVISORY GROUP <br> OF THE U.S. HOUSE OF REPRESENTATIVES <br>     Intervenor-Appellee. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 12-15409 |

**MOTION TO CONSOLIDATE AND EXPEDITE APPEALS**

      For the reasons set forth below, the federal defendants respectfully request that these related appeals be consolidated for briefing and argument. Both appeals are from the same district court order and judgment holding that Section 3 of the Defense of

Marriage Act ("DOMA"), 1 U.S.C. § 7, is unconstitutional. Furthermore, given the number of statutes affected by Section 3 and the significant uncertainty and harm under which the Executive Branch must operate in enforcing a statute determined to be unconstitutional by the President and Attorney General, the federal defendants request expedited consideration of these appeals and of the concurrently filed petition for initial hearing en banc, in accordance with the briefing schedule proposed below. At the same time, ongoing litigation creates uncertainty for Ms. Golinski and countless others who are harmed by DOMA, given its extraordinary scope. Thus, it is in the strong interest of every party to these appeals to have them resolved as promptly as possible.

Counsel for plaintiff Karen Golinski does not object to this motion, and joins in the request to expedite the hearing and respectfully requests that hearing be set for the earliest available date following the completion of briefing. Counsel for the intervenor Bipartisan Legal Advisory Group of the U.S. House of Representatives ("BLAG") has indicated that BLAG will file a separate response.

1. This case presents a challenge to the constitutionality of Section 3 of DOMA. Section 3 defines the terms "marriage" and "spouse" for purposes of federal law in a manner that excludes relationships between two persons of the same sex, even if that relationship is treated as a marriage under state law. 1 U.S.C. § 7. Plaintiff Golinski, a staff attorney employed by this Court, is enrolled in the Federal Employees Health Benefits Plan ("FEHBP"), and seeks enrollment of her same-sex spouse in FEHBP. She

filed this suit against the federal defendants, seeking a declaration that Section 3 is unconstitutional as applied to her or that the FEHBP statute could be construed to allow for her spouse's enrollment, and seeking an injunction that her spouse be enrolled in FEHBP.

Following the decision of the President and the Attorney General that heightened scrutiny applies to statutory distinctions based on sexual orientation and that Section 3 of DOMA is unconstitutional under that standard, the federal defendants, represented by the Department of Justice, informed the district court that they would not be defending Section 3 from plaintiff's equal protection challenge. As a result, BLAG moved to intervene in the case for the limited purpose of defending the constitutionality of Section 3 from equal protection claims. The federal defendants did not oppose this motion, and the district court granted BLAG's intervention.

Following intervention, BLAG moved to dismiss plaintiff's equal protection claim. The federal defendants moved to dismiss plaintiff's statutory claim, and, pursuant to the direction of the President and Attorney General, opposed dismissal of plaintiff's equal protection claim and supported summary judgment in favor of plaintiff on that claim.

On February 22, 2012, the district court rejected plaintiff's statutory claim, but held that Section 3 of DOMA unconstitutionally violates the equal protection component of the Due Process Clause. The district court enjoined the federal defendants from interfering with plaintiff's spouse's enrollment in FEHBP, and entered

judgment for plaintiff.

2. Following the district court's judgment, BLAG filed a notice of appeal to this Court. That appeal was docketed by this Court as No. 12-15388, and a briefing schedule was set, whereby BLAG's opening brief as appellant is due June 4, 2012, and plaintiff's brief and the federal defendants' brief as appellees are due on July 3, 2012. Although the government ultimately agrees with the district court's resolution of plaintiff's claim, the federal defendants filed their own notice of appeal of the district court's order and judgment, in order to ensure the existence of a justiciable case or controversy for this Court to resolve on appeal.[1] That appeal was docketed as No. 12-15409.

Both No. 12-15388 and No. 12-15409 are therefore appeals from the same district court order, resolving the legal issue of whether Section 3 of DOMA violates equal protection. Accordingly, the federal defendants respectfully submit that these two appeals should be consolidated for briefing and argument.

3. Furthermore, these appeals, and the federal defendants' petition for initial

---

[1] As a result, this Court need not resolve whether BLAG has constitutional standing to independently litigate as a party in general or independently file any notice of appeal in this case. *See Newdow v. U.S. Congress*, 313 F.3d 495, 499–500 (9th Cir. 2002) (holding that Congress lacks a "concrete and particularized harm" in defending federal statutes "beyond frustration of a general desire to see the law enforced as written"); *see also Diamond v. Charles*, 476 U.S. 54, 63–64 (1986) (holding that an intervenor must possess a judicially cognizable interest in the litigation in order to appeal). By filing their own notice of appeal, federal defendants have ensured that the requirements of *Diamond* are satisfied.

4

hearing en banc—which, because they involve an injunction in a civil case, are given priority calendaring for argument, *see* Ninth Circuit Rule 34-3(3)—should be expedited under Ninth Circuit Rule 27-12.

The President and Attorney General have determined that Section 3 of DOMA is unconstitutional. However, in order to ensure that the Judiciary is "the final arbiter of the constitutional claims raised" against Section 3, the Executive Branch has continued to enforce Section 3. 530D Letter from Attorney General Eric H. Holder, Jr. (Feb. 23, 2011), at 5-6. Because the Executive Branch will continue to enforce Section 3 pending a definitive determination by the Judiciary of the statute's constitutionality, the circumstances strongly support an expeditious resolution of these cases by this Court.

First, Section 3 of DOMA applies to over 1,000 federal statutes and programs, and affects many different agencies of the United States. Two district courts, including the one in this case, have declared Section 3 to be unconstitutional, *see also Gill v. OPM*, No. 09-10309 (D. Mass.) (Tauro, J.); *Massachusetts v. HHS*, No. 09-11156 (D. Mass.) (Tauro, J.); and as noted, the President and Attorney General have done so as well. As a result, there is significant uncertainty with respect to the constitutionality of Section 3, and, given the breadth of the statute, this uncertainty adversely affects the administration of many federal programs and the individuals affected by these programs.

Second, the continuing harm to individuals subject to Section 3 is significant given its broad scope. Plaintiff Golinski is one example, as her spouse will now, pursuant to

the district court's order, be permitted to enroll in FEHBP, but will not know if she can stay in FEHBP—and, if she became ill, be able to continue to rely on her insurance through that program—until final resolution of these cases. Many other individuals have not yet received the same judicial relief and instead have challenged Section 3 in other cases, several of which are pending in the courts of this Circuit. *See, e.g.*, *Torres-Barragan v. Holder*, Nos. 08-73745, 09-71226 (9th Cir.); *Dragovich v. Dep't of Treasury*, No. 10-01564 (N.D. Cal.); *Cooper-Harris v United States*, No. 12-0887 (C.D. Cal.); *see also Gill v. OPM*, Nos. 10-2207, 10-2214 (1st Cir.); *Massachusetts v. HHS*, No. 10-2204 (1st Cir.); *Bishop v. United States*, No. 04-00848 (N.D. Okla.); *McLaughlin v. Panetta*, No. 11-11905 (D. Mass.); *Revelis v. Napolitano*, No. 11-01991(N.D. Ill.); *Pedersen v. OPM*, No.10-1750 (D. Conn.); *Windsor v. United States*, No. 10-8435 (S.D.N.Y.). Those individuals continue to suffer unconstitutional harm under Section 3. The statute has also created confusion in the administration of private employment benefit plans. *Cozen O'Connor v. Tobits & Farley*, No. 11-00045 (E.D. Pa.). Only the final and conclusive resolution of Section 3's unconstitutionality will alleviate this uncertainty and harm to private individuals. This case should be expedited to help speed that final resolution.

Third, the interim invalidation of a statute itself causes recognized injury to the interests of the United States. *See Bowen v. Kendrick*, 483 U.S. 1304, 1304 (1987) (Rehnquist, J., in chambers); *New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers); *see also Walters v. Nat'l Ass'n of Radiation Survivors*,

6

468 U.S. 1323, 1324 (1984) (Rehnquist, J., in chambers). Though the President and Attorney General ultimately agree with the resolution of the case, this principle underscores the tremendous significance of any case where a federal statute has been invalidated, and the importance of its rapid resolution.

Finally, the federal defendants have also petitioned this Court for initial hearing en banc. We respectfully submit that initial en banc consideration of this case is both appropriate and the most likely route for the prompt resolution of these appeals. Given the importance of these cases and, for the reasons explained in the en banc petition, the uncertainty regarding this Court's prior precedent on the potentially determinative level of scrutiny question, requests for further review of any panel decision are likely, and panel consideration followed by en banc consideration will take considerably more time than initial en banc hearing.

4. For these reasons, the federal defendants ask that this Court expedite consideration of the initial en banc petition as well as briefing and argument before this Court.

a. We respectfully request that this Court provide expedited treatment to the en banc petition, before briefing at the panel stage is scheduled to commence. This Court's General Order 5.2.a suggests that the Court could defer consideration of a petition for initial hearing en banc until after the completion of panel briefing. In this case, however, as explained in the petition for initial hearing en banc, part of the basis for seeking initial

7

hearing en banc is to enable the full court to consider the important threshold question of what standard—rational basis review or heightened scrutiny—governs the constitutional challenge in these cases. In light of prior panel decisions addressing that question, the parties' briefing on that question will necessarily be substantially affected by whether that issue is being briefed for a panel of this Court or instead for the en banc Court. For that reason, and given the importance of this case and the strong reasons for rapid resolution, we respectfully ask that this Court consider the petition for initial en banc hearing expeditiously, rather than defer decision until after panel briefing, and that, pursuant to General Order 5.2.a, the en banc coordinator notify the judges of the petition for initial hearing en banc as soon as possible. The parties will proceed with panel briefing under the current schedule, as discussed below, unless advised otherwise by this Court.

b. If this Court denies our petition for initial hearing en banc, we respectfully request that the case be calendared for argument at the first available sitting after the completion of briefing, and in any event no later than in September 2012, which is approximately two months after the completion of briefing under the current schedule.

c. If this Court grants our petition for initial hearing en banc, we respectfully request that opening en banc briefs be due 30 days from the Court's grant, and that the case be calendared for argument at the next possible en banc sitting after briefing is completed.

d. With respect to the current briefing schedule, in BLAG's appeal, No. 12-15388, this Court has established a briefing schedule whereby BLAG's opening brief as appellant is due June 4, 2012, and plaintiff's brief and the federal defendants' brief as appellees are due on July 3, 2012. In the federal defendant's appeal, No. 12-15409, this Court has established a briefing schedule whereby the federal defendants' opening brief as appellant is due June 7, 2012, and plaintiff's brief and the federal defendants' brief as appellees are due on July 9, 2012.

Because the federal defendants ultimately agree with the district court's decision that Section 3 is unconstitutional, and intend to file briefs supporting plaintiff's claims, we respectfully request that a consolidated briefing schedule be established under which BLAG files an opening brief on June 4, 2012; federal defendants and plaintiff file a responsive brief on July 3, 2012; and that BLAG's optional reply brief be due on July 17, 2012.

5. We have contacted counsel for plaintiff and for BLAG. Counsel for plaintiff does not object to this motion, and joins in the request to expedite the hearing and respectfully requests that hearing be set for the earliest available date following the completion of briefing. Counsel for BLAG has indicated that BLAG will file a separate response.

## CONCLUSION

For the foregoing reasons, the federal defendants respectfully request that the Court consolidate and expedite consideration of appeals No. 12-15388 and No. 12-15409.

Respectfully submitted,

/s/ Michael Jay Singer
MICHAEL JAY SINGER
 (202) 514-5432

/s/ August Flentje
AUGUST FLENTJE
 (202) 514-3309

/s/ Benjamin S. Kingsley
BENJAMIN S. KINGSLEY
 (202) 353-8253

*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W., 7261*
*Washington, D.C. 20530-0001*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ Benjamin S. Kingsley
BENJAMIN S. KINGSLEY
(202) 353-8253

*Attorney, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W., Room 7261*
*Washington, D.C. 20530-0001*